IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

PATRICIA PARRISH                                                              PLAINTIFF
*as next friend and with power of attorney for*
NORMAN FROSSARD, JR.

V.                                                    CIVIL ACTION NO. 1:18-CV-232-SA-RP

WELLS FARGO, N.A., and
DEAN MORRIS, LLC                                                           DEFENDANTS

MEMORANDUM OPINION

The Plaintiffs in this case are Patricia Parrish and Norman Frossard. In their Complaint [1][1], the Plaintiffs allege that Frossard has Alzheimer's and requires constant care and supervision, and that Parrish, Frossard's daughter, is his primary caregiver and has power of attorney over his affairs. The Plaintiffs assert a variety of claims based in federal and state law arising from a foreclosure on Frossard's home conducted by Wells Fargo, N.A. and Dean Morris, LLC. Now before the Court is Wells Fargo's Motion to Dismiss [12] all of the Plaintiffs' claims. Dean Morris, LLC joined in the Motion, *see* Joinder [19], and the issues are fully briefed and ripe for review.

*Factual and Procedural Background*

In June of 2011, Frossard purchased a home on Mimosa Drive in Starkville, Mississippi. Frossard purchased the home through a loan secured from Edward Jones Mortgage, LLC backed by the Department of Veterans Affairs. Frossard is a veteran. Edward Jones Mortgage assigned the Deed of Trust to Wells Fargo Bank, N.A. According to the Plaintiffs, in October of 2017 Parrish "became aware" that no payments had been made on the loan since May of 2017. Parrish

---

[1] The Plaintiffs incorporate into their Complaint by reference a 46 page collective exhibit which includes a separate Chancery Court Complaint with different factual and legal allegations filed by the Plaintiffs in the Chancery Court of Oktibbeha County, Mississippi, which they voluntarily dismissed.

alleges that she contacted Wells Fargo on October 17, 2017 for information about how to bring the loan current. According to Parrish, Wells Fargo advised her to complete an application for loan modification and reinstatement. Parrish alleges that she completed the application, offered to bring the loan current, and provided proof of funds to Wells Fargo. Parrish further alleges that she contacted Wells Fargo on November 1, 2017 and was informed that a public auction of the home had already been held, and that as a result of the sale the property reverted back to Wells Fargo.[2] According to Parrish, no auction was conducted. On November 6, 2017, Wells Fargo conveyed the property to Veterans Affairs. On February 1, 2018, Veterans Affairs filed an eviction complaint on the property in Oktibbeha County Justice Court, and a Judgment of Eviction was entered on April 11, 2018.

The Plaintiffs' Complaint [1] does not assert discrete claims but instead contains mixed allegations of fact and law. Based on the Court's reading of the Plaintiffs' Complaint [1], including the Chancery Court Complaint [1-1] incorporated by reference, it appears that the Plaintiffs are asserting federal claims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and a claim for wrongful foreclosure under Mississippi law. The Plaintiffs ultimately request that the Court set aside the substitute trustee's deed and return title of the home to Frossard.

Defendant Wells Fargo filed a Motion to Dismiss [12] requesting that the Court dismiss all of the Plaintiffs' claims with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendant Dean Morris, LLC joined in the Motion. *See* Joinder [19].

---

[2] The record reflects that Wells Fargo executed a substitute trustee's deed naming Dean Morris, LLC as substitute trustee. Dean Morris, LLC conducted the foreclosure in this capacity.

*Standard of Review*

In deciding the Defendants' Motion to Dismiss, the Court must read the Complaint in the light most favorable to the Plaintiff and all well-pled, material allegations in the Complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97, 112, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief. *Murray v. Amoco Oil Co.*, 539 F. 2d 1385 (5th Cir. 1976). When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216–17 (5th Cir. 2014) (*per curiam*) (*citing Kennedy v. Chase Manhattan Bank USA, NA*, 369 F. 3d 833, 839 (5th Cir. 2004)).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 937, 173 L. Ed. 2d 868 (2009). It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In other words, a "[plaintiff's] complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. 1955. If there are insufficient factual allegations to raise a right to relief above the speculative level, the claim must be dismissed. *Id.* at 555, 127 S. Ct. 1955. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Assn.*, 987 F. 2d 278, 284 (5th Cir. 1993). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Turner v. Lt. Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

At the outset, the Court notes that the Plaintiffs' Response [14] in opposition to the instant Motion asserts various new claims and legal and factual theories.[3] "As a general rule, '[a] claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court.'" *McLin v. Chiles*, No. 3:14CV636-DPJ, 2016 WL 208322, at *2 (S.D. Miss. Jan. 15, 2016) (quoting *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). "This rule is rooted in the need to provide adequate notice. As stated in *De Franceschi v. BAC Home Loans Servicing, L.P.*, '[a] properly pleaded complaint must give fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (citing *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009) (internal quotations and emphasis omitted)).

"Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *Id.* This rule encompasses new factual theories supporting previously pleaded legal theories. *See, e.g.*, *id.*; *see also Green v. JP Morgan Chase Bank, N.A.*, 562 Fed. Appx. 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory); *Benavides v. EMC Mortg. Corp.*, Civil Action No. 3–12–46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (Costa, J.) (refusing to consider new factual theory supporting previously pleaded legal cause of action).

In accordance with these authorities, the Court will not recognize any new claims, and their attendant legal and factual theories, raised for the first time in the Plaintiffs' Response [14].

---

[3] The Court also notes that the Plaintiffs' Response [14] fails to comply with the Local Rules requirement of a Response and a separate brief. *See* L. U. CIV. R 7(b)(2).

I. *Federal Claims*

As noted above the Plaintiffs' have asserted federal claims under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act.

a. The Real Estate Settlement Procedures Act

The Consumer Financial Protection Bureau promulgated certain regulations pursuant to its rulemaking authority under the Real Estate Settlement Procedures Act (RESPA). *See* 12 U.S.C. § 2605(k)(1)(E) (conferring this authority). The particular regulation at issue in this case "imposes specific duties on servicers who 'receive[ ] a complete loss mitigation application more than 37 days before a foreclosure sale.'" *Christiana Tr. v. Riddle*, 911 F.3d 799, 802–03 (5th Cir. 2018) (quoting 12 C.F.R. § 1024.41(c)(1)).

In this case, the Plaintiffs claim that Wells Fargo engaged in the prohibited practice of "dual tracking". "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. Appx. 355, 358–59 (5th Cir. 2016) (citing 12 C.F.R. § 1024.41). "Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Id*. "However, Section 1024.41(g) only applies where 'a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale.'" *Id*. (quoting 12 C.F.R. § 1024.41(c)). Here, the Plaintiffs did not allege in their pleadings, nor do they highlight any evidence, that they complied with the requirements of this regulation and submitted a complete loss mitigation application more than 37 days before the date of the foreclosure sale. The Plaintiffs allege that Parrish contacted Wells Fargo for the first time on October 17, 2017, and that the foreclosure sale was set for November 1, 2017.

In light of these facts, and because the Plaintiffs have not provided any argument or authority to the contrary, the Court finds that the Plaintiffs have failed to state a claim under RESPA.[4]

    b. Fair Debt Collection Practices Act

Without stating any specific facts, the Plaintiffs allege generally in their Complaint that the "wrongful foreclosure" triggers liability under the Fair Debt Collection Practices Act (FDCPA), that both that the Defendants are "debt collectors" and that the home note is "consumer debt" as contemplated by the Act. The only collection activity referenced by the Plaintiffs is the foreclosure.

The Plaintiffs' claim under the FDCPA fails for a number of reasons. First, their claim fails because their allegations are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Turner v. Lt. Driver*, 848 F.3d 678, 685 (5th Cir. 2017). Second, under these allegations, neither Wells Fargo nor Dean Morris, LLC are "debt collectors" as contemplated by the FDCPA. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038-1040, 203 L. Ed. 2d 390 (2019) (holding that those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act.). Finally, the Plaintiffs failed to bring their claim within the one year statute of limitations required by the FDCPA.[5] 15 U.S.C. § 1692k(d). The only collection activity pointed to by the Plaintiffs is the foreclosure with took place in November of 2017, and this case was not filed until December 11, 2018.

For all of these reasons, the Court finds that the Plaintiffs failed to state a claim upon which relief can be granted under the FDCPA, and that the Plaintiffs' FDCPA claim is time-barred by the statute of limitations.

---

[4] In so holding, the Court also notes that although the Plaintiffs allege that Parrish first "became aware" of the lapse in payments in October of 2017, they do not allege that Wells Fargo violated any of the notice or "live contact" requirements of RESPA. *See e.g.* 12 C.F.R. § 1024.39.

[5] The Court notes that the Plaintiffs wholly failed to respond to the Defendants' statute of limitations argument.

      *c.* The Fair Credit Reporting Act.

The Fair Credit Reporting Act (FCRA) was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d. 1045 (2007). To bring a claim under the FCRA, a plaintiff must show that the 1) credit reporting agency had notice of a consumer dispute, 2) credit reporting agency notified the furnisher of the alleged dispute, and 3) furnisher failed to properly investigate the dispute. 15 U.S.C. § 1681s-2(a); *see also* 15 U.S.C. § 1681i(a)(2)(A).[6]

In support of their FCRA claim, the Plaintiffs provide only conclusory allegations that the Defendant violated the FCRA. The Plaintiffs wholly fail to point to any specific facts that could indicate that the Defendants reported any information to a credit reporting agency, or that any credit reporting agency had notice of a dispute. Similarly, the Plaintiffs fail to show that a credit reporting agency notified the Defendant. Most importantly, the Plaintiffs failed to plead any facts showing that the Defendant failed to properly investigate the dispute. While detailed factual allegations are not required, a complaint "devoid of further factual enhancement" must be dismissed. *Ashcroft*, at 678, 129 S. Ct. 937 (*quoting Bell Atlantic Corp.*, at 557, 127 S. Ct. 1955). Without more, the Plaintiffs fail to state a plausible claim for relief under the FCRA. *See Bell Atlantic Corp.*, at 570, 127 S. Ct. 1955.

    II.    *State Law Claims*

In addition to their federal claims, the Plaintiffs assert a claim for wrongful foreclosure under Mississippi law and ultimately request that the Court rescind the foreclosure, set aside the substitute trustee's deed, and return title of the home to Frossard. With no independent federal

---

[6] Furnishers of information that transmit information to a credit reporting agency concerning a debt owed by a consumer, such as banking institutions, have a duty to provide accurate information. *See* 15 U.S.C. § 1681s-2(a).

claims surviving, however, this Court "may decline to exercise supplemental jurisdiction" over the Plaintiff's remaining state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id*. Having dismissed all federal claims, the Court declines to extend supplemental jurisdiction to hear the Plaintiff's state law claims.

*Conclusion*

For all of the reasons fully explained above, the Plaintiffs' federal claims brought under the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, the Fair Credit Reporting Act are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claims, and they are dismissed without prejudice. The Defendants' Motion to Dismiss [12] is GRANTED, and this CASE is CLOSED.[7]

It is SO ORDERED, on this the 24th day of September, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[7] In so holding, the Court notes that the Plaintiffs never requested leave to amend their complaint despite having ample time to do so, and that the Plaintiffs fail to assert any argument or evidence in their pleadings or briefing that an amendment to their complaint would not be futile.